IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DARRELL L. BROADNAX,

                Plaintiff,

v.

OFFICER TOMMY WILSON and
JOHN DOE DEPARTMENT OF
CORRECTIONS OFFICERS,

                Defendants.

ORDER

13-cv-533-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     In this civil action, plaintiff Darrell Broadnax is proceeding on false arrest, retaliation and excessive force claims against defendants Tommy Wilson and two John Doe "Department of Corrections officers" that assisted defendant Wilson. The case is before the court on defendant Wilson's motion to transfer the case to the Eastern District of Wisconsin. Plaintiff failed to respond to the motion.

     Defendant suggests first that the case should be transferred because venue is not proper in this court. 28 U.S.C. § 1391(b)(1) states that a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." Defendant states that both he and plaintiff reside in the Eastern District, but this is not dispositive as the two Doe defendants remain in the case, and I cannot yet ascertain their residences.

1

Alternatively, defendant argues that the case should be transferred under 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In considering defendant's motion, I must determine whether transfer would serve the convenience of the parties and witnesses and promote the interests of justice. Although the residences of the Doe defendants are still unknown, the fact that both plaintiff and defendant Wilson reside in the Eastern District as well as the fact that the events in dispute in this case occurred in Milwaukee lead me to believe that the Eastern District would be more convenient. Moreover, plaintiff has failed to respond to defendant's motion, so he has waived any argument in opposition to transfer. E.g., Bonte v. U.S. Bank, N.A., 624 F.3d 461, 466 (7th Cir. 2010) (Failure to respond to an argument . . . results in waiver."). Accordingly, I will grant defendant Wilson's motion.

ORDER

IT IS ORDERED that defendant Tommy Wilson's motion to transfer the case, dkt. #9, is GRANTED and this case is TRANSFERRED to the United States District Court for

the Eastern District of Wisconsin.  The clerk of court is directed to transmit the file to the Eastern District.

Entered this 23d day of April, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge